Dudley v. Davenport.

see proper, can then pay the money and escape the penalty.

The judgment is reversed and the cause remanded. All concur.

———————

DUDLEY, *Appellant*, v. DAVENPORT, *Administrator*.

**Dower:** SETTLEMENT IN BAR OF: STATUTE. Under Revised Statutes, section 2202, concerning dower, a settlement to be in bar of dower must be expressed on its face to be in discharge of the same.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

REVERSED.

*John F. Lawder* for appellant.

(1) The household furniture and provisions for one year's support, or a reasonable allowance in lieu thereof, allowed the widow by the statute (R. S., sections 105 and 106), is her absolute property. *Bryant v. McCune,* 49 Mo. 546. (2) The right of the widow to four hundred dollars' worth of personal property is absolute; vests immediately on the death of her husband and is a part of her dower. *Hastings v. Myers,* 31 Mo. 519; *McFarland v. Baze's Adm'r,* 24 Mo. 156; *Cummings v. Cummings,* 51 Mo. 261, and cases there cited. (3) A settlement, whether ante-nuptial or post-nuptial, to be a bar to dower, must be expressed on its face to be in discharge of dower. *Perry v. Perryman,* 19 Mo. 469, and cases there cited.

*Jas. Armstrong* for respondent.

NORTON, J.—Doctor Barnett Dudley died seized of

no real estate, but of personal property worth about $1200. His widow, Melvina Dudley, the appellant herein, applied within the time limited by law for her dower in said personal property, and for a reasonable allowance for one year's support. Her application was refused by the probate court, from which decision of the probate court the said widow appealed to the circuit court of Cass county, and her application being there also refused she appealed to this court.

The record shows that to defeat plaintiff's claim, defendant offered evidence tending to show that a short time before the death of her husband, he sold an eighty acre tract of land for the price of $1200, and that plaintiff refused to relinquish her dower therein unless she received three hundred and twenty-five dollars, that upon receipt of this amount she signed and acknowledged the deed. A deed from said Dudley to plaintiff, conveying to her about thirty acres of land, was also put in evidence, and parol evidence was received showing that she sold this land for three hundred dollars, and tending to show that she admitted that the conveyance was made to her for all claim to dower in her husband's estate. All this evidence was received over the objection of plaintiff. We are of the opinion that under the ruling of this court in the case of *Perry v. Perryman*, 19 Mo. 469, where it was held that under the thirteenth section of the act concerning dower (Rev. Code, 1845, which section corresponds with section 2202, Revised Statutes), a settlement, whether ante-nuptial or post-nuptial, to be a bar to dower, must be expressed on its face to be in discharge of dower, and that the plaintiff's objection to the evidence was well taken, and that the court erred in overruling it, and in receiving the evidence, there being nothing on the face of the deed showing that the land was conveyed in discharge of dower, and which omission could not be supplied by parol.

Unde the plain reading of sections 106, 107, 108, and 109, Revised Statutes, and under the construction

put upon them in the cases of *Cummings v. Cummings*, 51 Mo. 261, and *Bryant v. McCune*, 49 Mo. 546, the plaintiff was entitled to recover, and the orders asked for should have been made, holding her to account for the personal property, viz.: two mares, a colt, and wagon, which the record before us shows she took at the appraised value.

Judgment reversed and cause remanded. All concur.