JOHN KING et al. v. JAMES KING et al.; SUSAN KING, Appellant.

Division Two, July 16, 1904.

1. DOWER: Antenuptial Contract: Jointure. An antenuptial contract made between a man and woman about to unite in marriage, will be ineffectual to bar dower unless it expressly says that is to be "in full discharge of all claim of dower." The statute is imperative, and in order for the antenuptial contract to operate as a legal jointure to bar dower, it must be expressed to be in lieu of dower.

2. ———: ———: **Consideration.** An antenuptial contract entered into between a man and a woman about to unite in marriage, in which they mutually covenanted that "neither of said contracting parties shall by reason of such marriage have or claim any right, title or interest in any real estate of the other," is insufficient to bar her dower, for the reason that, by it, she received no estate from her intended husband to take effect after his death; it gave her none of his property, and made no provision for her support after his death.

3. ———: ———: ———: **Use of Her Homestead.** A permission by the antenuptial contract to the wife to use and enjoy the use and rents of a homestead and dower interest in lands she had acquired under a former marriage, is not to be considered as a provision for her, because she was entitled to those things anyhow, and they can not be said to be "in lieu of dower."

Appeal from Cooper Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED AND REMANDED (*with directions*).

*Barnett & Barnett* for appellant.

(1) The court erred in admitting, over appellant's objection, the antenuptial agreement, and erred in rendering judgment against appellant excluding her from dower in her deceased husband's estate. There is no provision made in said agreement which expressly declares the agreement to be in full discharge of dower and unless it is so expressed in said agreement, dower is not barred. R. S. 1899, sec. 2950; Perry v. Perryman, 19 Mo. 469; Dudley v. Davenport, 85 Mo. 462; Farris v. Coleman, 103 Mo. 352.; Martin v. Norris, 91 Mo. 465; Rice v. Waddill, 168 Mo. 113. Before the enactment of our statute, it might be averred and proved that a settlement was made in satisfaction and discharge of dower, although not so expressed on the face of the instrument, but our statute which says that the settlement on its face must be expressed to be in full discharge of dower, is so worded in order to dry up this source of litigation. So that as the instrument in question does not on its

face express to be in discharge of dower, then dower is not barred, even though it should be alleged and proved that the provision was intended to be in lieu of dower. Perry v. Perryman, 19 Mo. 473; Farris v. Coleman, 103 Mo. 360; Bealey v. Blake, 153 Mo. 671. (2) The antenuptial agreement read in evidence is void, and ineffectual to bar dower, because under the marriage contract she must receive either real or personal property from her intended husband, to take effect after the death of her husband by way of jointure as a provision for her support during life, and expressed to be in full discharge of her claim of dower. Under the statute she must receive something out of the estate of her husband in lieu of dower to take effect after his death. R. S. 1899, sec. 2950; Martin v. Norris, 91 Mo. 471; Mowser v. Mowser, 87 Mo. 440; Brandon v. Dawson, 51 Mo. App. 244; Farris v. Coleman, 103 Mo. 352; Chitty's Blackstone, book 2, p. 137; Coulter v. Lyda, 102 Mo. App. 401. (a) This agreement does not bar dower because nothing is given her by virtue of the contract. The contract does not profess to give her any property whatever. The contract concedes nothing to her but what she then owned. Farris v. Coleman, 103 Mo. 361; Moran v. Stewart, 73 S. W. 177. (b) There is no equitable jointure here. Mrs. King did not own any property when the contract was made. She only had a dower interest in the real estate belonging to her then deceased husband, Atkinson. Mr. King gave up nothing by this contract, as he would have no claim on her dower interest in her former husband's estate. But there could be no equitable jointure in this case, because in order to be such it must be made after marriage. Saunders v. Saunders, 144 Mo. 488.

*W. M. Williams* for respondents.

(1) Mrs. Susan King, the appellant, by the antenuptial contract, waived and surrendered any "claim,

right, title, or interest," to which she might by law become entitled in any of the real estate of her intended husband. The language of the contract is broad enough to exclude her claim of dower and homestead. (2) A woman of full age, being *sui juris,* and free from the control of anyone, may, by a contract entered into before marriage, for a sufficient consideration relinquish her right of dower in her future husband's real estate; and, where the contract is supported by a valuable consideration, and the wife was not overreached in procuring it, the courts will uphold and enforce it. Moran v. Stewart, 173 Mo. 216; Logan v. Phillips, 18 Mo. 22; Farris v. Coleman, 103 Mo. 361; 1 Bishop on Married Women, sec. 422; McGee v. McGee, 10 C. L. J. 26; Barth v. Lines, 7 N. E. 679; Yarde v. Yarde, 58 N. E. 600. (3) There was a sufficient consideration for the contract. The husband, on his part, relinquished his marital rights in the real estate of his intended wife, and permitted her to collect and hold as her separate property the rents therefrom during the entire time of their marriage. But for the contract, he would, as husband, have been entitled to these rents. 2 Kerr on Real Property, secs. 1477, 1478 and 1479. This was the law in Missouri in 1885 when this contract was made. Arnold v. Willis, 128 Mo. 145; Clay v. Mayr, 144 Mo. 376; Merriwether v. Howe, 48 Mo. App. 148.

GANTT, P. J.—This is a partition suit tried in the circuit court of Cooper county, in which the farm of William W. King, deceased, consisting of about two hundred and thirty acres, is sought to be partitioned among his heirs.

The appellant, Susan King, is the widow of said William W. King, and in the judgment and decree in this case the circuit court adjudged and decreed that the said widow was not entitled to dower in said real estate, but by its decree the court expressly excluded her from sharing in said estate.

There was an antenuptial agreement entered into October 21, 1885, between said William W. King and the said Susan King, then Susan Atkinson, which agreement is as follows:

"Know all men by these presents that we, W. W. King and Susan D. Atkinson, both of the county of Cooper, in the State of Missouri, intending and mutually promising to be and become presently joined together in the bonds of matrimony, do hereby in consideration of such intention and promise and in consideration of such marriage about to be contracted as aforesaid, mutually covenant, promise and agree one to and with the other, that neither of said contracting parties shall by reason of such marriage have or claim any right, title or interest in any real estate of the other, either now owned or hereafter to be acquired, by this contract, it being expressly understood and agreed that all such claim, title or interest of each of said contracting parties to which under the law he or she would be entitled in the other's lands and tenements is and shall be forever barred, so that upon the death of either, the title to his or her real estate shall by force of this covenant pass to and vest in his or her heirs or assigns free from any such claim, right, title or interest of the other.

"In testimony whereof, we, the said parties have hereunto set our hands and affixed our seals, at Boonville, Missouri, this twenty-first day of October, 1885.

"W. W. KING,                 (Seal)
"SUSAN D. ATKINSON,      (Seal)

"Attest:
"W. G. PENDLETON,
"O. P. DAVIS."

This agreement was read in evidence by plaintiff over the objections of defendant Susan King—she objecting to its introduction because said instrument was insufficient to bar dower.

The evidence shows that this so-called marriage contract was entered into between these parties a short time before their marriage. That at that time, the said William King was the father of ten children by a former marriage, and this appellant, then Susan Atkinson, was the widow of Andrew Atkinson, deceased, and the mother of seven children. That at the time of his death Mr. Atkinson owned a homestead of two hundred acres, and his widow at the time of making the contract in question owned no real estate except her dower or homestead rights in said two hundred acres. At the time of his death, Andrew Atkinson had a good title to one hundred and sixty acres of said two hundred acres, but as to forty acres there was a defect in the title, and after his death a quitclaim deed was made to Mrs. Atkinson to perfect her title.

The court having found and adjudged that appellant herein, Susan King, as widow of William King, was, by reason of said antenuptial agreement, not entitled to dower in her deceased husband's real estate, she has prosecuted her appeal to this court. The only question in this case is whether the agreement read in evidence is effectual as a bar to appellant's claim of dower.

I. Prima facie Mrs. King is entitled to dower in the lands of which her husband was seized in fee during her marriage to him and in which she had not relinquished her dower. The defense is that by the antenuptial agreement of October 21, 1885, a jointure was provided for her, which, under our laws, bars her dower. Section 2950, Revised Statutes 1899, provides that:

"If any woman, prior to and in contemplation of marriage, shall, in agreement or marriage contract with her intended husband, or other person, receive any estate, either real or personal, to take effect after the death of her husband, by way of jointure, as a provision for her support during life, and *expressed* to be in full discharge of all her claim of dower, such estate shall be valid, and a bar to dower in the estate of her

husband. When any lands have been or hereafter shall be conveyed to the husband and wife, or to any other person and their heirs, and to the use of the husband and wife, or to the use of the wife, for the jointure of the wife, every such married woman having such jointure shall not claim any dower in the residue of the lands of which her husband was at any time seized."

This section has been a part of our laws since 1825. [Rev. Laws 1825, vol. 1, pp. 333-4.]

It was construed by Judge SCOTT in Perry v. Perryman, 19 Mo. 472, wherein he pointed out that the statute of 27 Henry VIII, ch. 10, sec. 6, the first statute in England which made jointures à satisfaction at law for the claim of dower, did not require that a provision for the wife must be expressed to be for jointure in order to bar her dower and that much conflict arose as to whether it could be shown by parol to have been intended as a jointure when not so expressed on its face. "Under this state of things," says Judge SCOTT, "our statute [section 2950, R. S. 1899] was enacted, which unlike the act of 27 Henry VIII, required that the provision made for the wife, if designed to exclude her from dower, or to put her to an election, should be *expressed to be in full discharge of all her claims of dower.* We are warranted, then, in the conclusion, that our statute was worded as it is, in order to dry up this source of litigation." This exposition of this statute has been universally accepted by all the courts of this State from the date of its promulgation up to this time. [Dudley v. Davenport, 85 Mo. 462; Martien v. Norris, 91 Mo. 465; Farris v. Coleman, 103 Mo. 352; Rice v. Waddill, 168 Mo. l. c. 113; Moran v. Stewart, 173 Mo. 207; Saunders v. Saunders, 144 Mo. 488.]

As a legal jointure it seems too clear for argument that the antenuptial contract between Mr. and Mrs. King was ineffectual for the simple reason that it nowhere expresses that it is in satisfaction of her dower and the statute being imperative it must be ruled that this agree-

ment did not operate as a legal jointure to bar Mrs. King's dower.

It is equally insufficient for the reason that by it she received no estate, either real or personal, from her intended husband to take effect after his death. It does not profess to give her any property of the husband's. No provision was made by him for her support after his death. It is true it is urged that by it the husband gave up his property rights in her estate, and that as she had a dower and homestead right in the estate of her former husband it was sufficient as an equitable jointure.

In Mowser v. Mowser, 87 Mo. 440, this court said: "The widow must receive under it, real or personal property as a provision for her support during life; it is against public policy to allow a man, by an agreement before marriage, which does not secure to the wife a provision for her support during life after his death, to bar her right of dower. The statute sanctions no such agreement."

In Farris v. Coleman, 103 Mo. l. c. 360-361, Judge BLACK, speaking for this court, said: "Again the statute contemplates that the woman shall receive some estate, real or personal, by virtue of the contract, and the contract in this case does not profess to give her any property whatever. The contract concedes nothing to her but what she then owned or might acquire. As the contract does not profess or undertake to give plaintiff any property, save that which she then owned, or might thereafter acquire, and as it is not expressed to be in discharge of dower, we are of opinion the contract does not, at law, bar the plaintiff from dower in her husband's real estate."

It is true the same learned judge continuing said that it had been ruled in Johnson v. Johnson's Admr., 23 Mo. 568, that our statute did not extinguish equitable jointure and that it might be "that such an agreement would constitute a good equitable jointure, if in point

of fact the wife had an estate of her own before marriage.'' But that remark was clearly a mere observation outside of the case in hand. In this case the evidence discloses that the only estate Mrs. King had was an unassigned right of dower and homestead in her former husband's estate. But the fact that her children did not see fit to have her dower and homestead assigned in no manner released Mr. King from his marital duty to provide for her out of his own estate if he desired to bar her dower which the law gave in his estate.

By the statute in force at the time this agreement was made, and when Mr. and Mrs. King were married, ''Any personal property, including rights in action, belonging to any woman at her marriage, or which may come to her during coverture by gift, bequest, or inheritance, or by purchase with her separate money or means, or to be due as the wages of her separate labor, or have grown out of any violation of her personal rights, shall, together with all income, increase and profits thereof, be and remain her separate property and under her sole control.'' [Sec. 3296, R. S. 1879.] By section 3295, Revised Statutes 1879, no conveyance made during coverture by her husband of the rents, issues, and products of her real estate was valid unless the same was made by deed executed jointly by her with her husband. It will thus be observed that the considerations which appeared weighty to this court in Logan v. Phillips, 18 Mo. 23, viz., that, ''by the marriage, all the personalty of Mrs. Logan immediately vested in her husband, and the antenuptial contract impliedly created a trust, which secured it to her,'' are wanting in this case since the adoption of section 3296, Revised Statutes 1879, in force when Mr. and Mrs. King were married. But again recurring to the statute which requires the jointure *to be expressed* to be in lieu of dower, in Logan v. Phillips it was expressly provided that the settlement should be *in lieu of dower,* and the same is true of the agreement in McGee v. McGee, 91

King v. King.

Ill. 548. Judge SCOTT, who wrote the opinion in Logan v. Phillips, expressly calls attention to that case in Perry v. Perryman, 19 Mo. 474, saying, "There is nothing in the case of Logan v. Phillips, 18 Mo. 23, which affects the question now before the court. *There*, the settlement was expressed to be in lieu of dower." When the statutory requisites *are not all found* in the provision by the husband for the wife by will or otherwise and yet it is manifest that the husband did not intend her to have the provision and her dower also, she will be compelled, *in equity*, to elect between them, and this is. known as *equitable jointure*. Founded as it is on the intention of the husband as disclosed in his will or other instrument containing the provision, it sometimes involves very difficult considerations, but when, as in this case, the husband has made no provision whatever out of his own estate, but simply permits the wife to receive the rents out of her dower in her former husband's estate, in a word, merely permits her to keep that which is already her own, we think it falls far short of that equitable provision which will bar her dower. In our opinion there was no provision made for her by Mr. King and that she is not barred by the antenuptial contract.

The judgment is reversed and the cause remanded with directions to the circuit court to enter judgment for Mrs. King for her dower in the lands sought to be partitioned.

All concur.