**Mildred CHAPMAN, Appellant,**

v.

**Lionel O. CORBIN and Essie Corbin,
Respondents.**

No. 22766.

Kansas City Court of Appeals.
Missouri.

Oct. 6, 1958.

Nelson E. Johnson, Kansas City, for appellant.

Brenner, Van Valkenburgh & Wimmell, Kansas City, for respondents.

MAUGHMER, Commissioner.

This is an action by plaintiff, Mildred Chapman, against defendants Lionel O. Corbin and Essie Corbin, his wife, for assignment of a dower interest in residential real estate located at 3825 South Benton, Kansas City, Missouri. Jurisdiction of the cause is vested in this court. Borders v. Niemoeller, Mo.App., 239 S.W. 2d 555.

The property involved formerly belonged to one S. Eugene Corbin, an uncle of defendant Lionel O. Corbin. Plaintiff married S. Eugene Corbin on August 17, 1939, and was granted a decree of divorce from him on November 15, 1946. S. Eugene Corbin subsequently, on August 3, 1955,

conveyed the property to defendants in satisfaction of a long standing obligation to defendant Lionel O. Corbin. S. Eugene Corbin died October 25, 1955, and plaintiff filed the instant action on August 27, 1956.

After plaintiff had filed her suit for divorce she signed what was styled "Property Settlement Agreement". Defendants in their answer set up this post-nuptial agreement between plaintiff and S. Eugene Corbin as a bar to plaintiff's claim of dower. One of the provisions of that instrument is as follows:

"Plaintiff, Mildred C. Corbin, hereby waives any right, title or interest which she may have in or to the personal and real property of the defendant, S. Eugene Corbin."

In the instant case plaintiff denied that the agreement operated to release her inchoate dower interest because the word "dower" was not used therein; that the instrument was not acknowledged; that it lacked consideration, and did not by its terms relinquish plaintiff's inchoate dower. The issues thus presented were tried to the court, a jury having been waived, and from an adverse decision, plaintiff perfected her appeal to this court.

Plaintiff's first contention is that the property agreement did not release or convey dower because it was not acknowledged.

In the early case of Klenke v. Koeltze, 75 Mo. 239, our Supreme Court ruled that a marriage contract is binding between the parties and their legal representatives, although not acknowledged or proved and recorded. And in the fairly recent case of Broyles v. Magee, Mo.App., 71 S.W.2d 149 the appellants contended that an alleged marriage agreement was invalid and not good as between the parties because it was neither acknowledged or recorded. At 71 S.W.2d loc. cit. 153, the court stated:

"It was not necessary as between the respondent and the deceased that the agreement between them be acknowledged and recorded, or prove by one or more subscribing witnesses, as required by sections 2986 and 2987, R.S.Mo., 1929 [V.A.M.S. §§ 451.220, 451.230] * * *.

"Furthermore, it has been held under Section 2988 [V.A.M.S. § 451.240] * * * one of the sections of the statutes relied on by appellants, that an antenuptial agreement which does come within the statutes mentioned, although not recorded, is nevertheless binding as between the parties thereto."

We are aware of no cases holding that a post-nuptial agreement, to be valid, must be acknowledged. The same reasoning applies, however, as in the cases of ante-nuptial agreements. The cases cited by plaintiff involved deeds. A deed stands on different grounds because, by special requirement of statute, it must be acknowleged in order to operate as a release of inchoate dower. We rule the point against plaintiff.

Plaintiff next contends that the property settlement agreement did not convey or release her dower because the word "dower" was not used in it. In support of her contention plaintiff cites and quotes from the cases of Perry v. Perryman, 19 Mo. 469; Dudley v. Davenport, 85 Mo. 462; Rice v. Waddill, 168 Mo. 99, 67 S.W. 605, and King v. King, 184 Mo. 99, 82 S.W. 101. Those cases are clearly distinguishable from the instant case in that they all relate to a release of dower by way of statutory jointure. The distinction between the requirements of a deed in jointure and a post-nuptial settlement agreement so as to release dower is clearly set forth in Fisher v. Clopton, 110 Mo.App. 663, 85 S.W. 623. In that case, the wife had by deed, in consideration of a sum paid to her, released her claim and interest in her husband's realty. The deed provided: "And I, Louise Fisher, * * * do hereby relinquish to him all my right, title and interest in any and all property

now held, or owned, or hereafter acquired by him * * *".

The plaintiff in applying to the Probate Court for rights in her deceased husband's property contended, as does plaintiff here, that such agreement was not a relinquishment of dower because it did not specifically renounce dower, citing the Perryman case, supra, and others.

This court, in distinguishing a contract for jointure and one for separation, stated, 85 S.W. loc. cit. 624: "A portion of the case as presented by plaintiff would indicate that she considers there must be an express stipulation in the contract between husband and wife, whereby she in terms expressly renounces dower or other interest in her husband's property. That view would be applicable to a case involving a contract for jointure before marriage (section 2950, Rev.St.1899 [V.A.M.S. § 474.120]; Perry v. Perryman * * *), and also, it seems, even if such contract be in the nature of jointure and made after marriage (Perry v. Perryman, supra). But the defense in this case is not based on jointure, but a contract of separation. And while it must appear in such contract that it was the intent and purpose to renounce all claim in the husband's property, yet there is no statutory requirement that such purpose must be stated in express terms. As pointed out in Roberts v. Hardy, supra [89 Mo.App. 86], there is a great difference between a contract for jointure, and a contract for separation. In post-nuptial jointure, the widow may renounce such provision, and take her statutory dower. Section 2951 Rev.St.1899 [V.A.M.S. § 474.120]. But no such right is given in cases of contract for separation. The latter class of contracts, though they are post-nuptial, are not revocable at the will of the wife or widow. So, therefore, we rule that the plaintiff in this case is barred of her right to the allowances claimed."

■ The agreement here involved clearly waives *any* interest in the real estate of the husband. Based on our holding in the Fisher case, supra, we rule the point against plaintiff.

■ Plaintiff also asserts that the settlement agreement is void for want of consideration. By the terms of the agreement each of the parties was given an immediate right to dispose of or bequeath by will his or her respective interest in and to any and all property belonging to him or her from and after the date of the agreement. It also provided that each party was to retain and own as his or her separate property any and all property belonging to him or her from the date of the agreement.

As is to be seen, the consideration was mutual. This in itself was sufficient. Glover v. Shirley, 169 Mo.App. 637, 155 S.W. 878; McKee v. Cochran, Mo.App., 272 S.W. 1091.

In the case of Hall v. Greenwell, 231 Mo.App. 1093, 85 S.W.2d 150 the court held that a mutual release by husband and wife of their statutory rights in the estate of the other was a sufficient consideration to support a post-nuptial settlement agreement. At 85 S.W.2d loc. cit. 155, the court used this language: "There was a definite consideration flowing from each to the other, in that each relinquished and released his statutory rights in the estate of the other in the event of survival." To the same effect is the recent case of Glauert v. Huning, Mo., 290 S.W.2d 126, 131, 132. The contention is without merit.

■ Finally, plaintiff contends that since the agreement contains the word "waiver" rather than some other word of conveyance, it cannot operate to bar dower. In the Fisher case, supra, the language "do hereby relinquish * * * all my * * *" was held to be sufficient to bar a claim for dower. The Fisher case says that while it must appear in the contract that it was the intent and purpose to renounce all claims in the husband's property, yet there is no statutory requirement

that such purpose must be stated in express terms. According to Webster's New International Dictionary the verb "waive" means "to *relinquish* voluntarily." According to Black's Law Dictionary it means "to renounce, repudiate, or surrender a claim, a privilege, a right * * *." In our opinion, the language used is sufficiently clear to operate as a bar to plaintiff's claim.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.