HOFFMANN v. HOFFMANN'S EXECUTOR, *Appellant.*

Division One, February 5, 1895.

1. **Probate Court:** JURISDICTION: MONEY DEMAND: EQUITABLE AND LEGAL CLAIMS. The probate court has jurisdiction of money demands against the estate of a deceased person, whether such demands be of a legal or equitable character.

Hoffmann v. Hoffmann's Executor.

2. ——: ——: ——: ——.  Such court has jurisdiction to hear and determine a money demand against a deceased person's estate in favor of his widow founded on an antenuptial agreement between them.

3. ——: ——: ——: ——: BURDEN OF PROOF.  In an action in the probate court by a widow against her deceased husband's estate to enforce an antenuptial agreement, whereby the husband agreed to secure to her "all her estate, except such parts as shall have been consumed or destroyed," the burden is not on plaintiff to show that no part of the estate was consumed or destroyed.

4. **Evidence**: WIFE: ADMISSIONS.  Statements against a wife's interest made by her deceased husband to a third person in her presence are not admissible in evidence against her.

5. **Judgment**: SPLITTING CAUSES OF ACTION: SEVERAL TRANSACTIONS. A judgment concludes the rights of the parties as to the cause of action stated in the pleading on which it was rendered, whether it includes the whole or only a part of the demand sued on; the rule is, however, different when the demand results from several and distinct transactions.

6. **Practice**: NATURE OF PENDING SUIT: EVIDENCE.  The nature of a pending suit, when pleaded in bar, can only be determined from the record.

7. ——: INSTRUCTIONS.  It is proper to refuse an instruction which comments on the evidence.

8. **Supreme Court Practice**: REMARKS OF COUNSEL.  The supreme court will not disturb the action of the trial court in refusing to interfere with the remarks of counsel in his argument to the jury, unless it appears that there has been an abuse of the trial court's discretion.

9. **Evidence**: TRUSTEE: ADMISSIONS.  Admissions of a trustee as to the amount received by him for the trust estate are competent to show the amount due from him to such estate.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*C. P. & J. D. Johnson* and *Jos. S. Laurie* for appellant.

(1) The court had no jurisdiction.  *First.*  A married woman can only sue her husband in equity, and the probate court has no equity jurisdiction.  Bishop's Married Women, sec. 610; Story's Equity Jurisprudence, secs. 1367, 1372, 1374; *Ilgenfritz v. Ilgen-*

*fritz*, 49 Mo. App. 127; *Church v. McElhinney*, 61 Mo. 540; *Church v. Robberson*, 71 Mo. 326; *Scudder v. Ames*, 89 Mo. 496. *Second.* This is no case of a demand against an estate for the debt of a decedent. *Butler v. Lawson*, 72 Mo. 227; Perry on Trusts, sec. 666; *Walker v. Parker*, 5 Wall. 744; *Gordon v. Eans*, 97 Mo. 587; *Phillips v. Overfield*, 100 Mo. 466. (2) The demurrer to the evidence should have been sustained. Bliss on Code Pleading, sec. 202; Gould on Pleading [5 Ed.], p. 165, sec. 20; Perry on Trusts, sec. 890. (3) The court erred in overruling the defense that plaintiff had split up her cause of action; and that there was now pending in the St. Louis circuit court another action between the same parties for the same cause. *Ruggles v. Horrine*, 34 Mo. App. 616; *Kavanaugh v. Shaughnessy*, 41 Mo. App. 657; *Co. v. Traube*, 59 Mo. 355; *Pfeiffer v. Suss*, 73 Mo. 345; Bliss on Code Pleading, sec. 118; 1 Am. and Eng. Encyclopedia of Law, p. 184c. (4) The court erred in refusing to allow defendant to examine witness Bridgeford, as to statements made by O'Connor to said witness upon the occasion of his last illness, in the presence of his wife, the plaintiff herein, as to the pecuniary condition of himself and wife at that time. *Benne v. Benne*, 56 Mo. App. 504. (5) The court erred in its rulings as to the instructions. (6) The verdict is unwarranted by the evidence and was the result of prejudice. *Carney v. Carney*, 95 Mo. 35; *Benne v. Benne*, 56 Mo. App. 504; *Jennings v. Davis*, 31 Conn. 138; *Shuttleworth v. Winter*, 55 N. Y. 624; Rice on Evidence, sec. 990; *Spohn v. Railroad*, 87 Mo. 74. (7) The remarks of plaintiff's counsel, in the course of his argument to the jury, were improper and prejudicial, and the objections of the defendant at the time were erroneously overruled. *State v. Lee*, 64 Mo. 161; *McDonald v. Cash*,

56 Mo. App. 66; Thompson on Trials, sec. 960; *Strauss v. Railroad*, 86 Mo. 422.

*H. D. Laughlin* and *E. McGinnis* for respondent.

(1) Since the amendment of 1883 to section 6869, Revised Statutes, a court of law has jurisdiction of a suit by the wife's administrator against her husband for her statutory, separate personal estate created by that act. *Pitkin v. Mott*, 56 Mo. App. 401. Such an estate is a legal estate, and the wife's rights to it can now be enforced by suits at law, instead of in equity as formerly required. *Bedsworth v. Bowman*, 104 Mo. 44; *Lavelle v. Stifel*, 37 Mo. App. 531. Under that statute she is, as to the statutory separate estate, thereby created a *feme sole*, with full powers as such. *Brown v. Bowen*, 90 Mo. 184. Even as to her separate estate created prior to the amendment of 1883, the probate court has jurisdiction of her claim to it against her husband's administrator, where the husband held it as her agent and kept an account, the items chargeable against it having to be considered to ascertain the balance coming to her. *Todd v. Terry*, 26 Mo. App. 598. Also where administrator of husband withheld from the widow rents of mansion house tract accruing prior to assignment of dower, and where an accounting was necessary, the probate court had jurisdiction. *Gentry v. Gentry*, 122 Mo. 202. (2) It is only where the cause of action is purely equitable and equitable relief is required, that the probate court is without jurisdiction. In all other cases of demand against an estate, whether legal or equitable, the probate court has jurisdiction. *Hammons v. Renfrow*, 84 Mo. 332; *Coal Co. v. Slevin's Estate*, 56 Mo. App. 107. (3) Even in cases where the defense of another action pending for same cause is proper, such defense can be waived by the acts of

defendant, and his right to use it be lost. *Bank v. Noonan*, 88 Mo. 372; *Kavanaugh v. Shaughnessy*, 41 Mo. App. 657. (4) Wife's silence in presence of her husband, who is making a statement that may affect her, is not to be taken as an admission by her, unless he could be a witness against her, or an estoppel could be pleaded against her. *Bank v. Nichols*, 43 Mo. App. 385. An instruction that is a comment upon a particular part of the evidence, though it is a correct comment, is misleading and gives improper importance to a part of the evidence and should not be given. *Jones v. Jones*, 57 Mo. 138; *Chouquette v. Barada*, 28 Mo. 491.

MACFARLANE, J.—The action was commenced in the probate court on the following demand:

"The petition of Isabella Hoffmann respectfully shows to the court that heretofore, to wit, on the nineteenth day of March, 1892, John Hoffmann departed this life, and that the St. Louis Trust Company is executor of his estate.

"Your petitioner further shows that she became the wife of said John Hoffmann in the month of March, A. D. 1886; that, just prior to the marriage, she and the said John Hoffmann entered into an antenuptial contract, dated the eighth day of March, 1886, and is on record in the office of the recorder of deeds for St. Louis county in book 28, page 456; that in and by said contract, for the consideration therein recited, the said John Hoffmann did covenant, promise and agree to and with your petitioner that he would, the said marriage being solemnized, according to his best judgment and skill, manage and preserve the estate of your petitioner, including that which she then had, as well as that which she might receive thereafter, otherwise than through the said contract,

during the marriage, and at the expiration thereof, the said John Hoffmann, would secure to her if she survived him, or to her heirs if he should survive her, all her estate which might thereafter come into his hands.

"Your petitioner further states and shows to the court that the said John Hoffmann received of and from her and for her account and from sources other than the property referred to in said contract, sums of money amounting in the aggregate to the sum of thirteen thousand (13,000) dollars which he failed to secure to her prior to his death and for which the estate is now indebted to her and liable.

"Wherefore she prays judgment against the estate for the sum of thirteen thousand (13,000) dollars."

The demand was allowed by the probate court, and the defendant appealed. In the circuit court the cause was tried *de novo* and resulted in a judgment for plaintiff and defendant appealed to this court.

On the trial it was shown that on or about the eighth day of March, 1886, plaintiff, then the widow of Daniel O'Connor, and the defendant's testator were married, having previously entered into a marriage contract. By this contract plaintiff agreed to accept the provisions made for her in lieu of dower. The provision made was a conveyance to her of a life estate in certain lots in the city of St. Louis. The contract contained this further undertaking on the part of deceased:

"And the said John Hoffmann, in consideration of the premises, and of five dollars to him in hand paid by said Isabella O'Connor, does by these presents covenant, promise and agree to and with the said Isabella O'Connor, that he will, said marriage being solemnized, according to his best judgment and skill, manage and preserve her estate, which she now has,

or which she may receive hereafter by descent, gift, devise or the statute of distribution from her relatives, or which she may in any way acquire, and take and receive to his own use, only the income thereof during marriage with said Isabella O'Connor, and at the expiration thereof, he, the said John Hoffmann, will secure to her, if she survive him, or to her heirs if he shall survive her, all her estate, except the interest and income thereof during said marriage, and such parts as shall have been consumed or destroyed, and that the said Isabella O'Connor shall have the power to give, devise or bequeath her said estate or any part thereof by last will and testament, as if she were unmarried, and shall also have power and authority, in her own individual name, to receipt for, and give acquittance for, the rent, income and profits of the premises herein conveyed to her for the period of her natural life.''

John Hoffmann died testate in March, 1892, and defendant is his executor. By his will he devised a large part of his estate to charitable institutions.

The evidence tended to prove that during the marriage deceased received of his wife sums of money aggregating from $12,000 to $14,000. This evidence consisted almost exclusively of admissions and declarations of deceased to third persons, that he. had borrowed the money of his wife.

At the conclusion of the evidence the court gave the jury these instructions with others which are not challenged:

''1. If you find and believe from the evidence that John Hoffmann, deceased, received from the claimant, Isabella Hoffmann, or for her account, any moneys belonging to her, and that he failed to repay or return the same to her before his death, then your verdict should be in favor of the plaintiff.  *   *   * ''

"3. Unless you are satisfied from the evidence in this case that the deceased, John Hoffmann, received from the claimant, Isabella Hoffmann, or for her account, moneys belonging to her and failed to repay or return the same to her before his death, your verdict must be in favor of the defendant."

The court refused, with others, number 5 asked by defendant, which is as follows:

"The court instructs the jury that they can not return a verdict for the claimant merely because it may appear that the deceased, during his lifetime, stated that he had borrowed money from his wife and owed her for it; the jury must be satisfied from the evidence that in point of fact he did borrow money from his wife and that he owed the same to her at the time of his death."

Other necessary facts will appear in the opinion.

I. It is insisted by counsel for defendant that this proceeding involves the enforcement of a contract between husband and wife, and also the accounting of a trustee as to funds held in trust, and they are, therefore, of purely equitable cognizance and must be determined by a court having equity jurisdiction, and are not, therefore, within the jurisdiction of the probate court.

The constitution of the state gives to the probate courts jurisdiction "over all matters pertaining to probate business." As a matter pertaining to probate business the statute declares that "the probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of the testator or intestate." This provision seems broad enough to include all money demands of whatever nature, whether legal or equitable, and so it was held in *Hammons v. Renfrow*, 84 Mo. 341.

The money or property belonging to a woman at her marriage, or which she may acquire during coverture, together with all income, increase and profits thereof is declared by a statute to be her sole and separate property and under her sole control. Section 6869. The section further declares that the husband shall not have the power to appropriate or reduce to his possession any of such property, without the written assent of the wife.. Should the money of the wife come into the hands of the husband without her written assent, he would become her trustee, or her simple creditor, as she might elect, or as the circumstances might, in equity, require. Whether the husband stood in the relation of creditor or trustee to his wife, the indebtedness would only be a demand against the estate.

By the antenuptial contract deceased only undertook to secure to his wife the money he might receive during coverture. This she could have required of him or his executors, had there been no contract. The contract, because between husband and wife, does not change the nature of the demand, as presented to the probate court. The relation of husband and wife ceased on the death of the husband. As the matter now stands, the contract and trust is to be settled without reference to the subsequent marital relation. The probate court had jurisdiction to hear and determine a money demand against the executor of deceased, though it grew out of this trust relation.

II. It is next insisted that plaintiff should have been nonsuited, for the reason that she failed to show that no part of the trust fund had been "consumed or destroyed." Under the contract, deceased bound himself, at the expiration of the marriage relation, if his wife survived him, to secure to her "all her estate, except the interest and income thereof and such parts as shall have been consumed or destroyed."

It is a well settled rule in pleading, that, in counting upon a deed or other instrument, an exception contained in the body of the covenant "must be noted, and the liability shown consistently with it." Bliss on Code Pleading [3 Ed.], sec. 202. It would follow that, in enforcing a liability under such an instrument in a court in which formal pleadings are not required, proof should be made that the exception does not cover the act complained of.

But we do not think the exception contained in this contract falls within the class to which the rule applies. It is not such as would necessarily defeat the entire cause of action, but merely limits the liability, of the trustee to such of the funds as may not have been consumed or destroyed. In such case we think it sufficient for the plaintiff to make out her own cause of action, and leave the defendant to make his defense. The matters of exception are within the knowledge of the defendant, and, presumably, not within that of the plaintiff, and the burden should be upon him who wishes to take advantage of the exception. It is true, the presumption is in favor of the performance of his duty by a trustee; but, carrying that presumption out, it would be presumed, also, that deceased permitted none of the trust fund to be destroyed or consumed. His duty was to preserve it, and, if he did so, there is no hardship in requiring him to show the fact.

III. Plaintiff called one Bridgeford as a witness with the purpose of proving the financial conditon of herself and her former husband, O'Connor, at the time of his death. This witness was asked to detail statements made by O'Connor during his last sickness, in the presence of plaintiff, in respect to asking aid of the Masonic fraternities. This witness was not allowed by the court to answer the question, and this ruling is assigned as error.

That statements made by a third party in the presence and hearing of a party to a suit, and against his interest, and which were not disputed at the time, are, as a general rule, admissible against him, is not denied. Silence in such cases raises an inference from which acquiescence may be assumed, provided the "statement is one which calls for action or reply." 1 Greenl. on Ev., sec. 197; *State v. Glahn*, 97 Mo. 679; *Bank v. Nichols*, 43 Mo. App. 390, and cases cited.

Admissions or declarations by a husband or wife in the presence of the other, stand upon an entirely different footing. Generally speaking, at common law the husband and wife are not competent to testify against each other in contests with third persons. Much less could mere statements of one be used as evidence against the other. Neither, therefore, would one stand under obligation to dispute a statement made by the other, unless the circumstances were such as would create an estoppel to deny it. Besides, the very relation of husband and wife is such as should deter one from disputing, in the presence of strangers, an assertion made by the other. We think the court ruled correctly.

IV. The defendant offered to prove that another action was pending by plaintiff against the same defendant for a part of the same demand as the one in suit in this case. For that purpose the defendant offered in evidence the record in a case of Isabella Hoffmann against this defendant, which was then pending in the circuit court of St. Louis on appeal from the probate court. This record showed that on the sixteenth day of June, 1892, the plaintiff presented to the probate court for allowance against the estate of John Hoffmann a demand for $3,854.65 for rents received by deceased during his lifetime on two houses belonging to claimant; that this demand was allowed,

and an appeal taken to the circuit court, where the cause was still pending. On objection by plaintiff the court excluded this evidence.

A cause of action is an entirety and can not be divided into parcels, and judgments recovered on these under separate actions. "A judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it was rendered, whether it includes the whole or only part of the demands sued on." *Union, etc., Co. v. Traube*, 59 Mo. 362; *Wagner v. Jacoby*, 26 Mo. 532; *Pfeiffer v. Suss*, 73 Mo. 245. The rule is different when the demand results from several and distinct transactions. *Flaherty's Adm'r v. Taylor*, 35 Mo. 451; *Union, etc., Co. v. Traube, supra.*

We can only examine the record in order to ascertain the nature of the pending suit. We are not authorized to examine the evidence that may be on file in support of the demand. It may, or may not, be admitted. The demands as presented appear to have resulted from distinct transactions. The pending suit is for rents collected; this one is for money received, in trust, under the marriage contract. It may be, in fact, that the rents were received under the marriage contract, but that does not appear, except inferentially, upon the face of the demand. Undoubtedly, we think, the liability of the trustee under the marriage contract, would constitute but a single demand, though the items with which he is chargeable came into his hands at different times and from different sources. The entire account against the trustee should be presented in a single demand. A judgment on a part of the demand would bar an action on other items. It would follow that a judgment in one of these suits would be a bar to an action in the other, if it is found that the

items in both were received under the trust. It does not sufficiently appear from the record of the pending suit that the cause of action is the same as in this one. Indeed, under the marriage contract, the trustee was allowed to appropriate to his own use all the income on his wife's property. The rents being a part of such income, the trustee as such would not be accountable for it here. The rents collected would not, therefore, fall under the trust created by the marriage contract.

We find no error in the ruling of the court on this question.

V. The instructions given on behalf of plaintiff seem to be unobjectionable. They required a finding by the jury that deceased received from claimant, or for her account, money belonging to her, and failed to account for it. The contract, it is true, required him "to secure to her" all her estate. The evident meaning of this is that her estate, on his death, should be paid over or restored to her. If the executor failed to do this, she would have a right of action to recover it, and proof of receipt of money belonging to her and a failure to account for it, would make out a case which would entitle her to a judgment.

The fifth instruction asked by the defendant was properly refused. The effect of the instruction would have been to discredit certain evidence given by witnesses introduced by plaintiff. As was said in another case: "This instruction was a comment upon a particular part of the evidence; it was a correct comment, but it was well calculated to mislead the jury." *Jones v. Jones*, 57 Mo. *loc. cit.* 143. After evidence has been properly admitted, the court should not strengthen, weaken, or give any particular part of it undue importance, by instructions to the jury. "Counsel can make their own comments on the evidence, and the jury will

determine their weight." *Chouquette v. Barada,* 28 Mo. 498.

The instruction was improper for another reason. It limits a recovery to money that deceased may have .borrowed from plaintiff, while he was responsible for any money belonging to her which came into his hands, and not for borrowed money only.

VI. Counsel complains of a number of expressions used by plaintiff's attorney in argument before the jury. Those complained of were preserved by bill of exceptions and have been carefully examined. It is often difficult to define the limit to legitimate argument. Counsel have not only the right to comment upon the evidence, but to urge inferences from any and all circumstances which have come before the jury. It is the duty of the trial court to keep counsel within proper bounds, but the judge who presides over the trial, and who hears the argument, is in a better position than the appellate court to determine whether he should interfere. Much is left to his discretion. The appellate court will not interfere, unless it appears that his discretion has been abused. *Sidekum v. Railroad,* 93 Mo. 400. We can not say, from what appears upon this record, that the circuit judge did not properly discharge his duty.

VII. It is insisted, finally, that the evidence was insufficient to support the verdict. It is true, the evidence was confined, almost exclusively, to proof of admissions and declarations of deceased in his lifetime. This kind of evidence has been held to be very unsatisfactory when used to prove the creation of trusts. *Ringo v. Richardson,* 53 Mo. 385. But, in case a trust is admitted, it becomes the duty of the trustee, or his representative, to account for the trust funds, and, if he ignores this duty, evidence of his admissions and declarations are entitled to as much weight as in other

cases. The admissions proved by a number of witnesses in this case were evidence of the facts admitted, from which the jury might readily have drawn the conclusion reached. That the deceased may have had motives for making the declarations other than that of asserting a fact, with which he was to be charged, was a question for the jury to decide. If he had kept proper accounts of receipts from his wife all the difficulty would have been obviated. He, or his representatives, should not be heard to complain of the character of the evidence to which his negligence and disregard of duty made it necessary to resort.

Finding no prejudicial error upon the record, the judgment is affirmed. All concur.