MARGARET REYNOLDS, Respondent, v. HENRY REYNOLDS, Administrator of the Estate of HENRY REYNOLDS, Deceased, Appellant.

St. Louis Court of Appeals, February 25, 1896.

Husband and Wife: REDUCTION OF CHOSE IN ACTION OF WIFE TO POSSESSION OF HUSBAND: LIABILITY OF HUSBAND AS TRUSTEE OF WIFE. A ward died, and her legatee was the wife of her curator. Final settlement was made by the curator in 1872, and he thereon gave his note to his wife for the amount of the estate of the decedent. He subsequently renewed the note, and continued to acknowledge his indebtedness thereon to his wife up to the time of his own death. *Held*, that in equity he was his wife's debtor, and that she was entitled to an allowance of her claim against his estate.

*Appeal from the Lawrence Circuit Court.*—HON. E. C. CROW, Judge.

AFFIRMED.

*Pepper & Steele* and *G. W. Thornsbury* for appellant.

*Joseph Cravens, O. L. Cravens,* and *Albert Hodges* for respondent.

ROMBAUER, P. J.—The defendant is the administrator of Reynolds, Sr. He appeals from a judgment allowing a demand against the estate of his intestate. There is no controversy about the facts, and the sole question presented for our consideration is whether the evidence warrants the judgment rendered.

The evidence tended to show the following facts: The plaintiff and Reynolds, Sr., were husband and wife from 1872 to 1892, when the latter died. In 1858 Reynolds, Sr., was appointed curator of one Rebecca Kerr, and as such came into possession of certain moneys belonging to her. Rebecca died in 1862, and by her will bequeathed her distributive share in the estate managed by Reynolds, Sr., to the plaintiff. Reynolds, Sr., made his final settlement as curator in 1872, and, as evidencing the amount coming to his wife as legatee of Rebecca, he executed his promissory note to the order of his wife for $378.70, payable one day after date. In 1877 he executed his renewal note of the same tenor and amount. Shortly before he died he signed an instrument, purporting to be his will, in which he ordered the payment of this note to his wife out of his own estate. This instrument was rejected as a will, when offered for probate. After the defendant's appointment as administrator, the plaintiff pre-

sented the note for allowance against the estate of Reynolds, Sr., as evidence, in connection with the facts hereinabove stated, that Reynolds, Sr., from 1872 until his death, held the money bequeathed to his wife by Rebecca Kerr in the capacity of trustee for his wife, and had never reduced the same to his possession, or even attempted to do so.

The above facts, shown without contradiction, are under the well settled law in this state sufficient to constitute the husband the debtor of his wife in equity. *Tennison v. Tennison,* 46 Mo. 77; *Clark v. Clark,* 86 Mo. 114; *Todd v. Terry,* 26 Mo. App. 598.

All the judges concurring, the judgment is affirmed.