JAMES P. MAGINN, Trustee for ANNA L. WALSH *et al.*, Respondent, v. CHARLES GREEN, Executor of the Estate of PATRICK T. BURKE, Deceased, Appellant.

St. Louis Court of Appeals, December 8, 1896.

1. **Probate Court, Jurisdiction of.**  Held: The jurisdiction of probate courts is either expressly conferred by statute, or it may exist when necessarily incident to the proper exercise of powers directly granted.

2. **Probate Courts** are authorized, by statute, to adjust and allow any claim presented against an estate whether legal or equitable in its nature, except where adequate relief can only be obtained in a court of chancery, or where the transactions are complicated, and a discovery from the defendant is requisite.

3. **Trustee, Compensation of.** Where a trustee has spent his time in the management or preservation of the trust estate, he will be allowed reasonable commissions.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*M. Kinealy* and *James R. Kinealy* for appellant.

The court erred in entertaining jurisdiction of this cause, and in admitting evidence in support of the allegations of plaintiff's petition. 1 Perry on Trusts, sec. 468; *In re Final Settlement of Rickenbaugh*, 42 Mo. App. 328; *In re Estate of Glover & Shepley*, 127 Mo. 153; *Frost v. Winston*, 32 *Id.* 489; *Harrison v. Smith*, 83 *Id.* 210.

Defendant was entitled to have the right of the trustee to allowances and commissions examined and determined before being deprived of the trust fund, and the probate court had no jurisdiction to make any such inquiry. *In re Final Settlement of Rickenbaugh*, 42 Mo. App. 328; *In re Estate of Glover & Shepley*, 127 Mo. 153; *Frost v. Winston*, 32 *Id.* 489; *In re Ricker*, 29 L. R. A. 608.

*James P. Maginn* for respondent.

The probate court had jurisdiction, and its judgment, and that of the circuit court, on appeal, was right. *Hoffman v. Hoffman's Executor*, 126 Mo. 486; *Hammons v. Renfrow*, 84 *Id.* 332, 341; *Coal Co. v. Slevin Estate*, 56 Mo. App. 107; *Ensworth v. Curd*, 68 Mo. 283; *Pierce v. Clahoun*, 59 *Id.* 271; *Titterington v. Hooker*, 58 Mo. 593; dissenting opinion Judge HOUGH in *First Baptist Church v. Robinson*, 71 *Id.* 339; *Todd v. Terry's Ex'r*, 26 Mo. App. 598, 601–610; *Meeker v. Straat*, 38

*Id.* 244, 245; *In re Meeker's Estate*, 45 *Id.* 194; 1 Woerner on Administration, 340.

BIGGS, J.—In 1874 Anna L. Walsh, then Anna L. White, deposited with the deceased, Patrick T. Burke, the sum of $5,500. By the terms of a written declaration of trust, executed by her, the money was placed in the hands of Burke to be loaned by him on real estate security, the interest to be paid to her during her life, and at her death the principal to be paid to her daughter, Ada White, if she was then of age, etc. Burke died testate in the city of St. Louis on July 18, 1894. The defendant Charles Green qualified as executor.

The plaintiff, who is Burke's successor in the trust, instituted the present action in the probate court of the city of St. Louis for the purpose of having a balance of the trust fund, which he alleges was due from Burke at the time of his death, allowed as a demand against his estate. The petition states expressly that Burke used the money in his private business, and inferentially that Mrs. Walsh acquiesced in such use; that up to within a few months of his death he paid to her the interest semiannually at the rate of six per cent per annum, and that just prior to his death, to wit, June 8, 1894, he paid her $4,500 of the principal. The plaintiff asked for an allowance of $1,000, with six per cent interest thereon from the twenty-third of March, 1894, the date of the last payment of interest, and also interest on the $4,500 from the said twenty-third day of March, 1894, until its payment, to wit, June 8, 1894.

The demand was allowed by the probate court, and the result was the same on appeal to the circuit court. The amount of the allowance in the circuit court was $1,162.16. This included interest as claimed in the petition.

The defendant has appealed, and his main contention is that the probate court had no jurisdiction, and hence the circuit court could acquire none on appeal.

The letters of Burke to Mrs. Walsh conclusively show that he used the trust money in his private business, and for its use he paid her interest at the rate of six per cent per annum, payable semiannually. There is no dispute as to the amount he received. Neither is there any dispute as to the payments either of principal or interest. All of the evidence tends to show that only $4,500 of the principal was paid, and that the interest was paid up to March 23, 1894. But the contention of the defendant is that the issues presented involved questions of purely equitable cognizance, which could only be determined by a court possessing common law jurisdiction.

Jurisdiction of probate courts is either expressly conferred by statute, or it may exist when necessarily incident to the proper exercise of powers directly granted. The statute says that such courts "shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon *any demand* against the estate, etc." Sec. 191, R. S. 1889. Following *Hammons v. Renfrow*, 84 Mo. 332, we have decided that this statute authorizes probate courts to adjust and allow any claim presented against an estate whether legal or equitable in its nature, except where adequate relief can only be obtained in a court of chancery, or where the transactions are complicated and a discovery from the defendant is requisite. *Coal Co. v. Slevin*, 56 Mo. App. 107. In the *Slevin* and *Hammons* cases, like in this, the settlement of a trust was involved, but no attempt was made to follow the trust fund, and no discovery was sought or was necessary. The principle of these cases has been

reaffirmed in the very recent case of *Hoffman v. Hoffman*, 126 Mo. 486.

It is urged, however, that the question of Burke's compensation as trustee is involved, which counsel contend is a matter of purely equitable cognizance. In answer to this it suffices to say that Burke was not entitled to compensation. In England a trustee is held to act gratuitously, unless the instrument creating the trust provides for his compensation. In America the general rule is that he will be allowed reasonable commissions if he has spent his time in the management or preservation of the trust estate. But if it appears that the trustee has used the trust money in his private business, wherein is there any foundation for such a claim?

It seems clear to us that under the statute as construed by the courts, the probate court had jurisdiction of the claim.

Mrs. Walsh could have treated the transaction between her and Burke as a loan, and if she had proceeded on that theory the allowance of the claim in the usual way would have been without any complications. As stated, the petition alleged that Burke used the money in his private business, and it inferentially averred that Mrs. Walsh acquiesced in such use. The evidence left no doubt of the truth of the averments. The question is whether Mrs. Walsh and Burke did not, by their course of dealing, absolve the money from the trust and turn the transaction into a simple loan. This view seems to us to be reasonable and unobjectionable. The matter, however, was not presented on such a theory, and we only mention it to show that it is not possible that Burke's estate could have been in any manner prejudiced by the allowance.

There is no dispute as to the amount of money Burke received. It is conceded that the only payment

made on the principal was $4,500 paid on the eighth day of June, 1894, and that he paid no interest after March 23, 1894. In its judgment the circuit court allowed six per cent interest on the $1,000 from March 23, 1894, to the date of the trial, and it also added six per cent interest on the partial payment from March 23 to June 8, 1894. This was strictly correct, and the defendant has no right to complain.

The judgment of the circuit court will be affirmed. All the judges concur.                        •