MARY J. CHURCH, Appellant, v. ROBERT A. CHURCH, Ex'r, etc., Respondent.

Kansas City Court of Appeals, January 24, 1898.

73 421
151m 67

73 421
94 1585

1. **Married Women**: ADMINISTRATION: CONVERSION: EQUITY. A married woman whose husband has converted her separate personal property may upon his death have the same allowed against his estate in the probate court and need not resort to a court of equity.

2. Appellate Practice: TRIAL BEFORE COURT: CONFLICTING EVI-
DENCE: INSTRUCTIONS.   Where a cause is tried before the court with-
out a jury and without instructions with evidence tending to sustain
the finding, the appellate court is not authorized to disturb the judg-
ment.

*Appeal from the Cedar Circuit Court.*—HON. D. P.
STRATTON, Judge.

AFFIRMED.

*James Masters* for appellant.

(1) The circuit court as a court of equity had
jurisdiction of this case. *Hammons v. Renfro*, 84 Mo.
332; *Hoffman v. Trust Co.*, 68 Mo. App. 180, 181;
*McClanahan v. West*, 100 Mo. 309; *Butler v. Dawson*,
72 Mo. 227; *Paris v. Haley*, 61 Mo. 453; *Harrington v.
Utterback*, 57 Mo. 519; *Hammer v. Cook*, 118 Mo. 479;
*Ilgenfritz v. Ilgenfritz*, 49 Mo. App. 127; *Dingle v.
Pollick*, 49 Mo. App. 479.   (2) The contention that
the plaintiff has an adequate remedy at law against
parties to whom the husband sold his wife's property
is no defense to this action. *Roll v. St. L. & Col., S.
& M. Co.*, 52 Mo. App. 60.   (3) The personal prop-
erty of the wife remained her separate property after
marriage, and the husband if he takes charge of such
property of the wife without her assent in writing,
does it as the trustee of the wife. And he must account
for the same and interest thereon. R. S. 1879, sec.
3296, p. 560; 2 R. S. 1889, sec. 6869, pp. 1610, 1611; 90
Mo. 185; 89 Mo. 383; 88 Mo. 301; 87 Mo. 284; *Leete
v. Bank*, 115 Mo. 204.   (4) Where the husband takes
charge of his wife's personal property and sells it, he
holds the proceeds as trustee for her.   94 Mo. 169.
*Leete v. Bank*, 115 Mo. 204; *Henry v. Sneed*, 99 *loc. cit.*
425.

*W. C. Hastin* and *T. L. Nelson* for respondent.

(1) Upon the whole record plaintiff did not show any equities. Neither did the petition state any for the reason that she had an adequate remedy at law. It should have been dismissed for want of jurisdiction. An action at law in probate court gives them an adequate legal remedy. *Todd v. Terry, Ex'r,* 26 Mo. App. 598; *Hammons v. Renfrow,* 84 Mo. 332; *Hoffman v. Hoffman, Ex'r,* 126 Mo. 486. (2) The burden of proof rests upon plaintiff to show that deceased converted this property to his own use. This rule is so well settled that citation of authorities are unnecessary. And to show that such property was brought to his farm where plaintiff resided is insufficient to show a conversion. *Ward v. Maffit,* 38 Mo. App. 395. W. C. Church could not have been deemed to have reduced his wife's property to his possession by the care and custody of it. R. S. 1889, sec. 6869. (3) The evidence in this case on part of plaintiff is wholly insufficient to support the claim, granting that plaintiff stated a cause of action. The court, being trier of the fact and the judge of the credibility of the witnesses, the judgment was for the right party.

ELLISON, J.—This action was instituted by plaintiff filing her bill in equity in the circuit court against defendant as the executor of the estate of plaintiff's deceased husband. The circuit court after hearing the evidence dismissed the bill and rendered judgment for defendant.

Plaintiff, prior to her marriage to her deceased husband was the owner of a lot of personal property. She stated in her bill that her said husband, during the time of their marriage, converted said property to his own use without her written assent or any other author-

ity.   She further stated that she had no remedy at law
and asked to have the value of said property made a
charge against said estate.

In our opinion the court was justified in dismissing
plaintiff's bill on the ground that she had a full remedy
at law.   She could have presented an
ordinary claim for the amount alleged to
be due her to the probate court for allow-
ance against the estate.   *Hoffman v. Hoff-
man*, 126 Mo. 486;   *Todd v. Terry*, 26 Mo. App. 598.
It is true that one having a claim against an estate may
establish it, in the first instance, by a judgment in the
circuit court, but that fact does not aid the plaintiff
since, on a demand at law, she has chosen the equity
side of the court.

If, however, we should treat the action as one at
law, it would still not avail plaintiff.   The trial was
before the court without a jury and no
instructions were asked.   There was evi-
dence tending to support the defense made
by the defendant for the estate and hence,
under the well recognized rule in such cases, we are not
authorized to disturb the result.

The judgment will be affirmed.   All concur.