## LOUIS FISHER, Respondent, v. JOHN R. CLOPTON, Administrator, etc., Appellant.

### Kansas City Court of Appeals, February 27, 1905.

1. **ADMINISTRATION: Personal Dower: Deed of Separation: Contract.** A deed of separation fully performed during the life of the husband whereby the wife relinquishes her right, title and interest in any and all property held or owned or thereafter acquired by the husband, is sufficient to defeat the wife's statutory personal dower and year's maintenance, and such contract may be enforced after the husband's death.

2. ———: **Husband and Wife: Deed of Separation: Defense: Equity.** The object of a deed of separation is to divest the wife of her interest in the husband's property so that whenever and wherever she attempts to violate the contract its provisions can be interposed as a defense; and while a probate court has no

equitable jurisdiction, it may entertain such a defense, especially since such courts in the allowance of demands against estates can allow equitable claims.

3. ———: **Personal Dower: Deed of Separation: Jointure.** A deed of separation is different from a settlement or jointure, and the wife need not in express terms renounce dower or other interests in her husband's property, and while she may renounce the provisions of a postnuptial jointure and take her statutory dower, such right does not exist in a contract for separation.

'Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

REVERSED.

*Barnett & Barnett* for appellant.

(1) The court erred in finding for plaintiff and making an allowance to her out of her husband's estate. Under the deed of separation, shown by evidence, she is precluded and estopped from claiming anything out of her husband's estate. A deed or a contract of separation, by which the estate of the husband is divided, and a provision for the wife is made, is supported by a sufficient consideration is not against public policy. If it is fair and equal and not the result of fraud or coercion, it will be sustained. Randall v. Randall, 37 Mich. 571, 572; Roberts v. Hardy, 89 Mo. App. 86; 22 Am. and Eng. Ency. of Law (1 Ed.), 58, 67, 68; Walker v. Beal, 99 Wall. (U. S.) 743; Wallingsford v. Allen, 10 Pet. (U. S.) 583; Garver v. Miller, 16 Ohio St. 527; Houghton v. Houghton, 14 Ind. 505; Garbut v. Bowling, 81 Mo. 214. And the intervention of a trustee is no longer necessary. See authorities above cited. (2) Respondent tried this case on the theory that this was a jointure. She filed her renunciation of jointure in the probate court under section 5921, R. S. 1899. This is not a jointure. A jointure is a settlement made in contemplation of marriage, or in contemplation of the continuance of the marital relation, and is to take effect after the

death of the husband. It is a competent livelihood of freehold for the wife of lands or tenements to take effect presently in possession or profit after the decease of her husband, for the life of the wife, at least. See Saunder v. Saunder, 144 Mo. 488; Roberts v. Hardy, 89 Mo. App. 92; R. S. 1899, section 2950. (3) A jointure is not made with the view of separation of a husband and wife, but more often in contemplation of marriage. Roberts v. Hardy, supra; Garbut v. Bowling, 81 Mo. 214. Also see authorities cited under first point of this brief.

*John Cashman* and *John D. Bohling* for respondent.

(1) Respondent does not contend that a valid contract of separation cannot be made under the laws of our State. But such contracts have been uniformly condemned by the courts, even when carried out by a valid agreement and bona fide separation; they are merely tolerated, and that only when every requirement of law has been strictly complied with. Walker v. Beal, 9 Wall.(U. S.) 743; Rogers v. Rogers, 4 Paige 516; Tyler on Infancy and Coverture, 467 and 468; Gonsolis v. Douchouguette, 1 Mo. 666, 670; Kerr v. Smith, 20 Wall 31, 36; Tyler on Infancy and Coverture, sec. 343, p. 475; Shethan v. Gregory, 2 Wend. 422; Walls v. Stout, 9 Cal. 479. (2) The wife's dower in her husband's lands cannot be barred, except by an express agreement, or by reason of her accepting a conveyance of land in which it is clearly expressed that it is granted and excepted in lieu of dower. Bealey v. Blake, 153 Mo. 657. (3) The same is true of the widow's absolute allowance under the statutes. Mowser v. Mowser, 87 Mo. 437; Farris v. Coleman, 103 Mo. 352. (4) A provision in a deed or will of a husband in favor of his wife will never be construed by implication to be lieu of dower or any other interest in

his estate given by law; the design to substitute one for the other must be unequivocally expressed. Bryant v. McCune, 49 Mo. 546; Hasenritter v. Hasenritter, 77 Mo. 162. (5) The tendency of the appellate courts of Missouri is to favor the widow's statutory claims. King v. King, 64 Mo. App. 304. (6) The right of plaintiff as the widow of the deceased is absolute, and the statutory allowances vested in her immediately on the death of her husband. Roberts v. Hardy, 89 Mo. App. 86; Hastings v. Myers, 21 Mo. 519; Cummings v. Cummings, 51 Mo. 261; McFarland v. Baze's Admr., 24 Mo. 156; Griswold v. Mattix, 21 Mo. App. 282. (7) This right cannot be taken away by will. In re Klosterman, 6 Mo. App. 314; Glenn v. Glenn, 88 Mo. App. 442. (8) A contract between husband and wife, like the contract in the case at bar, is not enforcible at law. McBreen v. McBreen, 154 Mo. l. c. 328; Land v. Shipp, 50 L. R. A. (Virginia) 560.

ELLISON, J.—This proceeding was begun by plaintiff's application to the probate court of Pettis county for an allowance of $400, and a year's maintenance out of the personal estate of her deceased husband. On appeal to the circuit court an allowance of $400 was made, as also of $200, for a year's maintenance. The administrator has appealed to this court.

It was conceded that there was a personal estate of near $700, but defendant objected to the allowance to plaintiff on the ground that in the lifetime of the husband he and she had a contract by deed of separation whereby near $3,000, principally money and notes, was made over to her and she released all claim or interest to a small piece of real estate in Sedalia, of little value, and to all of his estate. That portion of the deed reads as follows:

"And I, Louise Fisher, wife of the said John Fisher, for and in consideration of the sum of twenty-seven hundred dollars ($2,700) heretofore given me by

said John Fisher, and his agreement that said moneys shall be and remain my sole and separate, and individual property, do hereby relinquish to him all my right, title and interest in any and all property now held, or owned, or hereafter acquired by him, and for said consideration do hereby, at his instance and request, release and relinquish unto said Thomas Adolph Blickle all my right, title and interest, in and to the above-described lands."

It was shown that plaintiff and deceased could not live together as husband and wife in peace and harmony. That they separated a time or two. That at one time they went to Little Rock, Arkansas, in which State it seems she had lived. They separated by mutual verbal agreement, he returning to Sedalia. She got possession of about all of his personal property (the principal portion of his possessions). She says with his consent, though he denied it. However that may be, she returned to him at Sedalia and they lived together again. But again they separated with an agreement as to the property which was afterwards carried out by the deed aforesaid. The separation was final; but upon his death, she presented the claims which are the subject of this controversy.

Some of the features of this case, so far as the principles of law are concerned, are determined by our decision, through Judge BROADDUS, in Robert v. Hardy, 89 Mo. App. 86. It was there held that there may be a valid contract of separation and settlement of property rights between husband and wife, but a reconciliation will avoid and annul such contract. In this case there was a separation and some partial arrangement of property between the parties, when a reconciliation was had. But, finally, there was a final separation and the deed in question witnesses the final and complete disposition of property between the parties. In this final arrangement there can be no reasonable pretense of imposition so far as plaintiff is concerned, since she

was in Little Rock represented by a reputable lawyer, as well as her relatives, deceased being represented in Sedalia by Judge Lamm. The deed prepared by the latter was altered at Little Rock to suit the views entertained by the wife and her counsel.

But it is insisted that there was no valid contract in this case, since it was made directly between husband and wife without the intervention of a trustee. Without reference to statutes enacted in recent years whereby the wife is in great part relieved of disabilities which formerly hampered her, we hold that after the husband's death, as in this case, there is no reason why such' contracts may not be enforced. [Garbut v. Bowling, 81 Mo. 214, 220, 221; Randall v. Randall, 37 Mich. 563.] Especially may they be relied upon when, as in this case, they are merely interposed as a defense.

But it is said that the defense, if allowable at all, would be an equitable defense; and as the probate court has not jurisdiction in equity, it cannot be allowed in this case. We are satisfied that the defense, as such, may be made in the probate court. The object of the separation settlement was to adjust all property relations between the couple and to divest her of all interest in his property which she otherwise would have had by reason of the relationship of husband and wife. So that whenever and wherever she attempted to violate that contract, its provisions could be interposed as a defense. It is true that it has been held by the Supreme Court that such contracts could not be enforced except in equity. [McBreen v. McBreen, 154 Mo. 323.] But there is no attempt here to enforce, or to have the contract specifically performed. The effort here is merely to defend. The Supreme Court said that while the contract was not enforcible at law, it did not follow that it might not be successfully interposed as an equitable defense to an action brought in disregard of its terms.

But, aside from such consideration, it has been

frequently decided in this State that while the probate court has not general jurisdiction in equity, yet so far as concerns claims against estates, such courts may allow demands which are equitable as distinguished from legal. [Hammons v. Renfrow, 84 Mo. 341; Hoffman v. Hoffman, 126 Mo. 486; Winn v. Riley, 151 Mo. 61; Todd v. Terry, 26 Mo. App. 598; Reynolds v. Reynolds, 65 Mo. App. 415; Maginn v. Green, 67 Mo. App. 616; Church v. Church, 73 Mo. App. 421; Grimes v. Reynolds, 94 Mo. App. 576.] It would appear to logically follow that if such court has jurisdiction over a claim of such character when presented as a demand against an estate, it would have jurisdiction over a defense founded in equity when presented against the allowance of a demand. It would be a singular inconsistency to say that the probate court had lawful authority to allow a demand of an equitable nature against an estate and yet not have authority to entertain a defense to such demand of a like nature.

A portion of the case as presented by the plaintiff would indicate that she considers there must be an express stipulation in the contract between husband and wife whereby she, in terms, expressly renounces dower or other interest in her husband's property. That view would be applicable to a case involving a contract for jointure before marriage. [R. S. 1899, section 2950; Perry v. Perryman, 19 Mo. 469; Farris v. Coleman, 103 Mo. 360; Saunders v. Saunders, 144 Mo. 482.] And also, it seems, even if such contract be in the nature of jointure and made after marriage. [Perry v. Perryman, supra.] But the defense in this case is not based on jointure, but a contract of separation. And while it must appear in such contract that it was the intent and purpose to renounce all claim in the husband's property, yet there is no statutory requirement that such purpose must be stated in express terms. As pointed out in Roberts v. Hardy, supra, there is a great difference between a contract for jointure and a con-

tract for separation. In postnuptial jointure the widow may renounce such provision and take her statutory dower. [R. S. 1899, section 2951.] But no such right is given in cases of contract for separation. The latter class of contracts, though they are postnuptial, are not revocable at the will of the wife, or widow. So, therefore, we rule that the plaintiff in this case is barred of her right to the allowances claimed, and the judgment will be reversed.

All concur.